under an act passed on that date, which, by its provisions, was to take effect from and after its passage. It was contended that it did not take effect until July 2. In the course of a decision adverse to that contention, Justice Story said:

* * * We cannot yield assent to this construction. The statute was to take effect from its passage; and it is a general rule that where the computation is to be made from an act done, the day on which the act is done is to be included.

In *United States* v. *Hurlburt, supra,* our appellate court stated:

In the foregoing [*Arnold*] case, however, there was only one point of time which was involved and that was the time when the act became effective. There was no provision in it for any period of suspension or limitation, nor was there any terminus a quo, nor any relevant calculation to be made in order to give effect to the legislative intention. The cases are therefore, clearly distinguishable * * *.

By the same token, the termination of the proclamations of March 15 and April 15, 1938, by the proclamation of March 23, 1939, was a positive act or thing to be done or given effect on a certain date [April 22, 1939]; and, a day usually not being divisible in a legal sense, this proclamation terminating the rates of duty under the agreement was effective during the entire day, and it necessarily follows that the rates of duty under the trade agreement were not in force on that date.

Since the rates of duty under the trade agreement with Czechoslovakia were not in effect on April 22, 1939, the reduced rate under the trade agreement is not applicable to the merchandise at bar. The protest is therefore overruled and the classification by the collector affirmed.

Judgment will issue accordingly.

BEFORE THE THIRD DIVISION, SEPTEMBER 26, 1945

**No. 50516.**—Protests 24252–K, etc., of American Trading Co., Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50517.**—Protests 85916–K, etc., of Alexander & Baldwin, Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50518.**—Protests 987701–G, etc., of Daimaru Co. et al. (San Francisco).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50519.**—Protests 50217–K, etc., of Alexander & Baldwin, Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50520.**—Protests 980899–G, etc., of Daimaru Co. et al. (San Francisco).

Opinion by CLINE, J. In view of the stipulation and the cited authorities, which records were admitted in evidence herein, the merchandise in question was held dutiable as follows: (1) Certain items, similar in all material respects to those the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured; and (2) merchandise the same as that the subject of *Mutual Supply Co.* v. *United States* (12 Cust. Ct. 138, C. D. 842) was held dutiable at 25 percent under paragraph 775, as modified by the trade agreement with the Netherlands (T. D. 48075), as onions, pickled or packed in brine.

**No. 50521.**—Protests 41304–K, etc., of Lloyd Mfg. Co. (Providence).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50522.**—Protest 49334–K of Kaufmann Dept. Stores (Pittsburgh).